**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Shawn A. WILLIS, Defendant— Appellant.**

No. 05–30326.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2006.

Filed May 8, 2006.

Earl Allan Hicks, Esq., Aine Ahmed, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff—Appellee.

Karen Lindholdt, Esq., The Lands Council, Spokane, WA, for Defendant—Appellant.

Before: REINHARDT, McKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Shawn Willis appeals his conviction of the offense of felon in possession of a firearm, 18 U.S.C. § 922(g). We affirm.

The appellant argues that the district court erred when it admitted as evidence tapes of several phone calls he placed from Airway Heights Corrections Center because the tapes are unfairly prejudicial. We disagree. The tapes, on which the appellant discusses his attempts to influence witness testimony and fabricate a defense and makes comments about other illegal schemes, are highly probative of his possession of the gun in question. *See United States v. Hardy,* 289 F.3d 608, 613 (9th Cir.2002); *United States v. Brashier,* 548 F.2d 1315, 1325 (9th Cir.1976). Any danger of unfair prejudice that results from the appellant's use of profanity or his general discussion of guns on the tapes is outweighed by their probative value. *See United States v. Meling,* 47 F.3d 1546, 1557 (9th Cir.1995). Even if the references to the calls being placed from prison would make the tapes unfairly prejudicial, the district court's error in allowing the jury to hear those references would be harmless. *See United States v. Guerrero,* 756 F.2d 1342, 1347 (9th Cir.1984).

The appellant also contends that the district court abused its discretion by admitting evidence of his prior bad acts. The evidence relating to the appellant holding a witness at gunpoint and stealing that witness's car using the gun he is charged with possessing is inextricably intertwined with the charged offense and therefore was properly admitted. *See United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012–13 (9th Cir.1995). Although the other car theft, the one that did not occur at gunpoint, is not inextricably intertwined with the charged offense, the admission of evidence regarding that act was harmless. *See United States v. Bradley,* 5 F.3d 1317, 1322 (9th Cir.1993).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.